```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/22/11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JOSE M. RODRIGUEZ-NIEVES,

        Movant,

  -against-

UNITED STATES OF AMERICA,

        Respondent.
------------------------------------------------------------X

ORDER TO AMEND

10 Civ. 9264 (LAP)

LORETTA A. PRESKA, Chief United States District Judge:

    Movant, currently incarcerated at U.S.P. Hazelton in Bruceton Mills, West Virginia, brings this *pro se* Motion under 28 U.S.C. § 2255 challenging the legality of his sentence entered in United States v. Rodriguez-Nieves, No. 05 Cr. 0120 (LAP) (S.D.N.Y. Feb. 3, 2011). The Court directs Movant to file an Amended Motion within sixty (60) days of the date of this Order as detailed below.

## STANDARD OF REVIEW

    A prisoner in federal custody may bring a motion under 28 U.S.C. § 2255 attacking his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or it is otherwise subject to collateral attack. 28 U.S.C. § 2255. Under Rule 4(b) of the Rules Governing § 2255 Proceedings, the Court has the authority to review and deny a § 2255 motion prior to directing an answer "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing § 2255 Proceedings, Rule 4(b); see Acosta v. Nunez, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (citations omitted); see Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001).

Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." Tragath v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983).

## BACKGROUND

Movant, who was found guilty after trial, seeks to challenge the legality of his sentence entered in United States v. Rodriguez-Nieves, No. 05 Cr. 0120 (LAP). By Mandate issued on September 21, 2009, the judgment of this Court was affirmed in part, vacated in part and remanded in part for entry of an amended judgment consistent with the summary order. Rodriguez-Nieves v. United States, No. 08-0783-cr (2d Cir. Sept. 21, 2009). An amended judgment was filed in this case on February 3, 2011. Movant asserts that the judgment and sentence are unconstitutional based upon ineffective assistance of counsel. Movant further asserts that he was placed in disciplinary confinement from May 12, 2010 until August, which prevented him litigating his Motion accordingly.

## DISCUSSION

Under 28 U.S.C. § 2255, a person challenging his conviction or sentence must submit a motion that conforms with Rule 2 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Under this rule, the movant must "specify all the [available] grounds for relief" and "state the facts supporting each ground." Rule 2(b)(1),(2). The motion must permit the Court and the respondent to comprehend both the movant's grounds for relief and the underlying facts supporting each ground so that the issues presented may be adjudicated. This Motion fails to comply with Rule 2(b). Movant fails to provide sufficient facts to support his claim that his counsel was ineffective.[1] Movant fails to state facts to show how or why he is entitled to relief. Movant is, therefore, directed to amend his Motion to comply with Rule 2. Movant is directed to restate his grounds for relief and to provide facts to support his grounds.

---

[1] Movant is advised that, inasmuch as he seeks to challenge his placement in disciplinary confinement and the denial of access to the Court, he may bring a civil action in the appropriate federal Court where the alleged constitutional violations occurred.

## CONCLUSION

Movant is directed to file an Amended Motion, under 28 U.S.C. § 2255, containing the information specified above. The Amended Motion must be submitted to this Court's *Pro Se* Office within sixty (60) days of the date of this Order, be captioned as an "Amended Motion" and bear the same docket number as this Order. An Amended Motion Under 28 U.S.C. § 2255 form is attached to this Order, which Movant should complete as specified above. No answer shall be required at this time. If Movant fails to comply with this Order within the time allowed, and cannot show good cause to excuse such failure, the Motion will be dismissed.

As Movant has not, at this time, made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

_____
LORETTA A. PRESKA
Chief United States District Judge

Dated: February 22, 2011
New York, New York